**JIN QUAN CHEN, Petitioner,**

v.

**Michael B. MUKASEY, U.S. Attorney General, Respondent.**

No. 08–1574–ag.

United States Court of Appeals, Second Circuit.

Jan. 6, 2009.

David A. Bredin, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General, Civil Division, Barry J. Pettinato,

Assistant Director, Terri Leon–Benner, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. ROBERT D. SACK and Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Petitioner Jin Quan Chen, a native and citizen of the People's Republic of China, seeks review of a March 12, 2008 order of the BIA affirming the April 18, 2006 decision of Immigration Judge ("IJ") Helen Sichel denying Chen's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jin Quan Chen,* No. A79 156 264 (B.I.A. Mar. 12, 2008), *aff'g* No. A79 156 264 (Immig. Ct. N.Y. City Apr. 18, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts and supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA. *Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008). We review *de novo* questions of law and the application of law to undisputed fact. *Passi v. Mukasey,* 535 F.3d 98, 101 (2d Cir.2008).

We conclude that substantial evidence supports the IJ's determination that Chen was not credible. As the IJ found, while Chen testified that he was released from jail after his father paid a fee of 10,000 RMB, he omitted that assertion from his asylum application. The IJ also properly found that while Chen submitted a document purporting to be a dismissal notice from his employer, he did not testify that he was fired, nor did he include that assertion in his written application. Chen failed to provide a sufficiently compelling explanation for these omissions. *See Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005). Because Chen's alleged dismissal from his job represents one of two incidents of harm that he experienced as a result of Falun Gong, its omission was not the type of "legally irrelevant fact" that should be excused by this Court. *See Jin Hui Gao v. U.S. Atty. Gen.,* 400 F.3d 963, 964 (2d Cir.2005); *cf. Heui Soo Kim v. Gonzales,* 458 F.3d 40, 47 (2d Cir.2006).

The IJ also properly found implausible Chen's testimony that in order to depart China, he used a passport provided by a smuggler with Chen's name, date of birth, place of birth, and address, but bearing someone else's photograph. In light of Chen's testimony that he had failed to keep two appointments with public security officials, the IJ properly found it implausible that he left the country using his own name and biographical information. *See Wensheng Yan v. Mukasey,* 509 F.3d 63, 67 (2d Cir.2007).

The IJ also found that Chen's testimony was not believable because it appeared to be highly scripted and because he was unable to testify in "his own dialect," Foo Chow. We accord particular deference to such assessments of demeanor. *See Majidi v. Gonzales,* 430 F.3d 77, 81 n. 1 (2d Cir.2005).

Finally, the IJ properly found that Chen's failure to provide evidence to corroborate his claim that he practiced Falun Gong in the United States bolstered the IJ's view that Chen was not credible. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 341 (2d Cir.2006).

732

Ultimately, the IJ was entitled to rely on the cumulative effect of her findings regarding Chen's demeanor, material omissions, implausible aspects of Chen's testimony, and Chen's failure to submit corroboration of a central aspect of his claim. *See Tu Lin v. Gonzales,* 446 F.3d 395, 402 (2d Cir.2006). Because the only evidence of a threat to Chen's life or freedom was his own testimony, the adverse credibility determination as to that testimony precludes his success on his claims for withholding of removal and CAT relief, all three of which claims were based on the same factual predicate. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

Chen asserts that the IJ should have adjourned proceedings to explore the possibility that he had a "mental" disability that caused him to testify inconsistently. However, while Chen's attorney did raise the possibility of a learning disability before the IJ, as the BIA found, neither Chen nor his attorney objected to proceeding with the hearing in Mandarin. In any event, Chen's argument, which we construe as a due process challenge to the IJ's denial of his asylum application, fails because he does not show how he was prejudiced by the IJ's decision to go forward with his case. *See Garcia–Villeda v. Mukasey,* 531 F.3d 141, 149 (2d Cir.2008). Moreover, while Chen suggests that his attorney before the IJ had rendered ineffective assistance, such a claim should have been made in the first instance to the BIA. *See* 8 U.S.C. § 1252(d)(1); *Steevenez v. Gonzales,* 476 F.3d 114, 117–18 (2d Cir. 2007); *Stewart v. U.S.I.N.S.,* 181 F.3d 587, 596 (4th Cir.1999).

For the foregoing reasons, the petition for review is DENIED.